## McVEIGH v. LANIER.

TAXES: *Illegal sale: Payment of penalties: Set-off against taxes.*

The plaintiff brought an action to avoid a sale of his lands for the non-payment of taxes, and to restrain the execution of a tax deed to the purchaser, making the purchaser, the county clerk and the collector of taxes parties defendant. The court granted the relief sought, and having made, among other special findings, one to the effect that, pending the action, the plaintiff had paid into the county treasury, under protest, and, as this court presumes, to effect a redemption, the amount of certain

McVeigh v. Lanier.

penalties and costs assessed against the lands, decreed that he should be entitled to set-off the penalties thus paid against any future taxes that might be imposed upon the lands. *Held*: That taxes cannot be made the subject of set-off even where the necessary parties are before the court, and so much of the decree as attempts to make them such in this case, should be vacated.

APPEAL from *Mississsppi* Circuit Court.
J. E. RIDDICK, Judge.

*H. M. McVeigh*, for appellants.

1. The decree is erroneous for the want of proper defendants, and because, after appellees had redeemed the lands in the statutory method, there was no power in the court to decree back the penalty and costs by way of set-off against future taxes. Neither the collector or clerk had any control over the money collected, for it was immediately paid over to the proper authorities. *Mansf. Dig.*, secs. 5812–13, *etc.* The tender required by *secs.* 2649–50 should have been made, if the tax-payer desired to impeach the sale. Or, if he prefers to redeem, he must comply with *secs.* 5772–4–5–6, *etc.*

But, having elected to redeem, his only recourse is now to the county court. *Mansf. Dig.*, sec. 1407. Taxes cannot be set off.

*O. P. Lyles*, for appellees,

COCKRILL, C. J. The county clerk and the collector of taxes of Mississippi county are the appellants in this cause. The appellees, whose lands had been sold for the non-payment of taxes, filed their complaint against the officers named and some of the purchasers at the tax sale to restrain the execution of tax deeds conveying their lands to said purchasers. A temporary restraining order was issued.

McVeigh v. Lanier.

No defence was made by any of the defendants. The complaint, which alleged irregularities in the assessment and notice and time of sale—any of which would have avoided it—was taken as confessed. The court made a special finding of facts, presumably upon sufficient evidence, though the record does not contain it, to the effect not only that the irregularities mentioned existed, but also that, pending the suit, the appellees "paid the several amounts of taxes, penalty and costs that appear above herein opposite each tract of said land, and that the same were paid under protest, reserving their respective rights to test the legality of said penalty and costs."

Whereupon the forfeitures and sales were declared illegal, the order restraining the execution of deeds was made perpetual, and it was decreed that the "appellees recover back the penalties by them paid, and that each of them should be entitled to set off the several amounts of penalties paid against any future taxes that might be imposed or assessed upon their respective lands."

It is the latter feature of the decree that the officers, who alone have appealed, complain of.

To whom the taxes and penalty were paid by the appellees, and what became of the fund, is not made clear by the record. The two years allowed for redemption had expired when the complaint was filed, and the money was paid thereafter. As no effort was made by any one to sustain the sale, and the purchasers, who were made parties, have not appealed, we presume the appellees followed the statutory method to redeem by paying the funds into the county treasury as though the statutory period had not expired. Their proper course would have been to tender the amount for which their lands were liable with their com-

McVeigh v. Lanier.

plaint, and if they were not in fault in the non-payment of their taxes, the court could have granted them relief without exacting the payment of the penalty or by returning it to them if it was under the control of the court. *Hickman v. Kempner*, 35 *Ark.*, 505; *Railway v. Alexander*, 49 *Id.*, 194. But the money was not brought into court or placed subject to its order. If it be conceded that the appellees are entitled to the return of the penalties paid by them it does not follow that the decree which awards the return is right. Against whom should it be rendered? Not against the clerk or collecter, who were the appellants, because the fund has never been subject to the control of either. But the decree does not seem to contemplate a recovery from any one. The effort to make the excess thus paid a set-off in favor of the land-owner against taxes thereafter to be assessed against the land, cannot be sustained upon any theory.

<div style="float:right">TAXES: Set-off against.</div>

It is an attempt to adjudicate the rights of the state, county and other beneficiaries of the taxes thereafter to be raised, and to declare them satisfied in advance, without having any of the parties before the court. Besides, taxes are not the subject of set-off. "The nature and use of these contributions is such that nothing can retard the payment of them." *Domat, sec.* 2299. No one can read the provisions of our statutes and come to a different conclusion.

If the appellees have a legal claim for overpayment against the state, county, or other party, they occupy the position of creditors only, and must avail themselves of whatever remedy the law affords for their relief. They cannot set off the amount thus due against taxes to be paid on the lands.

That part of the decree granting such relief will be vacated; otherwise the decree is not disturbed.